**Louie L. WAINWRIGHT, Director, Division of Corrections, Petitioner-Appellant,**

v.

**John SYKES, Respondent-Appellee.**

No. 75–1781.

United States Court of Appeals, Fifth Circuit.

Feb. 25, 1976.

Charles Corces, Jr., Asst. Atty. Gen., Tampa, Fla., for petitioner-appellant.

William F. Casler, Sr., St. Petersburg, Fla. (Court-appointed), for respondent-appellee.

Before GEWIN, BELL * and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge:

The respondent below, Wainwright (appellant, or occasionally, "the State"), appeals from an interlocutory order of the district court in a state habeas corpus case. That order required the state to conduct an evidentiary hearing to supplement the record before the district court, and provided that in the alternative, if such a hearing is not held, the district court will determine the issues on the state record as transmitted. The effect of the order was stayed for 90 days to permit this appeal. At issue is the petitioner-appellee's contention that statements made by him at the time of his state arrest were unconstitutionally used as evidence against him at trial, because, conceding that he received his *Miranda*[1] warnings as testified by sheriff's deputies, he was drunk at the time of his arrest and the making of the statements used, and thus incapable of a knowing waiver of the underlying constitutional rights involved. The respondent counters that appellee Sykes' failure to object to the introduction in evidence of the out of court statements at or before trial, required by Rule 3.190(i), Fla.R. Crim.Proc.1972[2], waived his opportunity to challenge the voluntariness of the incriminating statements.

Appellee was arrested and charged with second degree murder. On June 5, 1972, he was tried before a jury, and convicted of third degree murder, Fla. Stat. 782.04, in a Florida court. The conviction was affirmed on direct appeal. Subsequently, he unsuccessfully sought habeas corpus relief in the state courts. Thereafter he sought habeas corpus relief in the court below. In an unpublished order of January 23, 1975, the district court found that appellee's trial transcript and the state record was too meager a basis for findings as to the

---

* Judge Bell participated fully in the decision of this case and concurred in this opinion prior to the effective date of his resignation, March 1, 1976.

1. *Miranda v. Arizona*, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

2. (i) *Motion to Suppress a Confession or Admissions Illegally Obtained.*

(1) *Grounds.* Upon motion of the defendant or upon its own motion, the court shall suppress any confession or admission obtained illegally from the defendant.

(2) *Time for Filing.* The motion to suppress shall be made prior to trial unless opportunity therefor did not exist or the defendant was not aware of the grounds. for the motion, but the court in its discretion may entertain the motion or an appropriate objection at trial.

(3) *Hearing.* The court shall receive evidence on any issue of fact necessary to be decided in order to rule on the motion.

voltariness of the waiver of the *Miranda* rights involved. Consequently, the court ordered that a *Jackson v. Denno*[3] type evidentiary hearing be held in the Florida court to determine the voluntariness of the out of court statements used as evidence against Sykes. The court later modified its order to permit an interlocutory appeal pursuant to Title 28, U.S.C. § 1292(b), and we accepted the appeal.

At issue then are two distinct waiver problems: (1) did Sykes knowingly and voluntarily waive his *Miranda* rights when he made inculpatory statements at the time of his arrest? (2) did appellee, by failing to object to the introduction of the statements into evidence, as provided by procedural State law, waive the right to bring this objection on appeal or in subsequent proceedings? The purpose of the evidentiary hearing the district court ordered is to determine the factual basis of the underlying waiver issue, or substantive issue, to determine if Sykes was in fact so drunk he could not understand his *Miranda* rights, and thus could not knowingly waive them.[4] Our inquiry, in determining the propriety of the district court's order, must focus on the second, or procedural, waiver.

## I. NATURE OF THE RIGHT

 Both appellee and the state recognize that any incriminating statement made by a defendant absent a knowing and intelligent waiver by him of his right to counsel and his right not to in-criminate himself must be excluded from the evidence at trial. *Miranda v. Arizona,* 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. The state does not appear to object to the proposition, in the abstract, that a defendant might be too drunk to give such a knowing and intelligent waiver, and that, in such a case, out of court statements made by him would be inadmissible at trial as evidence against him.[5]

The Supreme Court in *Miranda,* in recognition of the importance of the defendant's Fifth and Sixth Amendment rights, stated that "[t]he warnings required and the waiver necessary in accordance with our opinion today are, in the absence of a fully effective equivalent, prerequisite to the admissibility of any statement made by a defendant". 384 U.S. at 476, 86 S.Ct. at 1629, 16 L.Ed.2d at 725. The state asserts that the protections and prerequisites *Miranda* set out as necessary to the introduction of a defendant's out of court statements might themselves be waived by the failure of the defendant to object to their introduction.

 Before an admission or confession may be introduced into evidence against a defendant, it is incumbent upon the trial judge to determine the voluntariness of the statements involved, and the defendant's knowing and intelligent waiver of his constitutional rights. *Johnson v. Zerbst,* 1938, 304 U.S. 458, 88 S.Ct. 1019, 82 L.Ed. 1461. A defendant is entitled to a hearing on the issue of voluntariness as a matter of procedural

---

3. 1964, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908.

4. The trial transcript shows affirmatively that Sykes was advised of his rights at the jailhouse. The conversation in which Sykes made incriminating statements took place, however, at the scene of the shooting, shortly after the police had arrived. The record is not clear as to whether Sykes was informed of his *Miranda* rights before these initial statements were given. These initial inculpatory statements made by Sykes, while in the custody of the police, were inconsistent with Sykes' self defense theory at trial. The prosecution called sheriff's deputies who testified to Sykes' statements

during the case in chief. The testimony of three separate witnesses indicates Sykes had been drinking at the time he made those statements, and raises the possibility that even if Sykes had been read his rights, he might not have been able to comprehend them, and might therefore have been unable to knowingly waive them.

5. Cf. *United States v. Taylor,* 5 Cir. 1975, 508 F.2d 761, 763: "The evidence must show the defendant was so affected as to make the statement, after appropriate warnings, unreliable or involuntary". [regarding the admissibility of statements made by a defendant while under the influence of drugs].

due process. *Jackson v. Denno*, supra. The rule set out in *Jackson v. Denno* is that "a jury is not to hear a confession unless and until the trial judge has determined that it was freely and voluntarily given." *Sims v. Georgia*, 1967, 385 U.S. 538, 543–544, 87 S.Ct. 639, 643, 17 L.Ed.2d 593, 598. "Although the judge need not make formal findings of fact or write an opinion, his conclusion that the confession is voluntary must appear from the record with unmistakable clarity". *Id.*, 385 U.S. at 544, 87 S.Ct. at 643, 17 L.Ed.2d at 598.[6] Long before *Jackson v. Denno* the Florida practice was to require the trial judge to hold a hearing outside the presence of the jury to determine the voluntariness of any statements by the defendant proposed to be used as evidence against him.[7] The burden is on the state to secure this prima facie determination of voluntariness, not upon the defendant to demand it. *McDole v. State*, Fla.1973, 283 So.2d 553; *Reddish v. State*, Fla.1964, 167 So.2d 858; *Young v. State*, Fla.1962, 140 So.2d 97;

*Smith v. State*, 3rd Fla.D.C.A.1974, 288 So.2d 522; *Dodd v. State*, 4th Fla.D.C.A. 1970, 232 So.2d 235.

## II. WAIVER

Appellee argues that not only did the state fail to carry its burden in showing affirmatively, on the record, that the statements introduced were voluntarily made, but that the waiver principles enunciated in *Faye v. Noia*[8] make it plain that constitutional rights of such fundamental importance as those considered here may only be waived by the defendant himself, deliberately, and not by his attorney without his personal knowledge, or through a procedural forfeit. The state, however, recites to us a litany of cases purporting to show that in instances such as this a purely procedural waiver would bind the defendant, notwithstanding the fact that he had no personal knowledge of the rights waived.

The state sees this as a case controlled by *Henry v. Mississippi*, 1965, 379 U.S.

**6.** The waiver of *Miranda* rights will not be presumed from a silent record. *Miranda v. Arizona*, 384 U.S. at 475, 86 S.Ct. at 1628, 16 L.Ed.2d at 724, citing *Carnley v. Cochran*, 1962, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70.

**7.** "While we think it is best for counsel to interpose objections to the introduction of evidence of admissions or confessions, in order that the court may make the preliminary investigation to determine its admissibility, that does not relieve the trial judge of the duty when evidence of this character is sought to be introduced to satisfy himself that the admissions were freely and voluntarily made before admitting them. It is a duty which the law imposes upon the court in order that the prisoner's constitutional right to a fair and impartial trial may be protected and preserved, and this right should not be made to depend on the skill and alertness of counsel, otherwise courts, instead of being the forum in which justice alone is the object to be attained, would become games played by the respective counsel and won or lost according to their skill in playing the game according to the rules." *Stiner v. State*, 1919, 78 Fla. 647, 83 So. 565.

**8.** "We therefore hold that the federal habeas judge may in his discretion deny relief to an applicant who has deliberately bypassed the orderly procedure of the state courts and in so doing has forfeited his state court remedies.

"But we wish to make very clear that this grant of discretion is not to be interpreted as a permission to introduce legal fictions into federal habeas corpus. The classic definition of waiver enunciated in *Johnson v. Zerbst*—'an intentional relinquishment or abandonment of a known right or privilege'—furnishes the controlling standard. If a habeas applicant, after consultation with competent counsel or otherwise, understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts, whether for strategic, tactical, or any other reasons that can fairly be described as the deliberate bypassing of state procedures, then it is open to the federal court on habeas to deny him all relief if the state courts refused to entertain his federal claims on the merits—though of course only after the federal court has satisfied itself, by holding a hearing or by some other means, of the facts bearing upon the applicant's default. At all events we wish it clearly understood that the standard here put forth depends on the considered choice of the petitioner. A choice made by counsel not participated in by the petitioner does not automatically bar relief. Nor does a state court's finding of waiver bar independent determination of the question by federal courts on habeas, for waiver affecting federal rights is a federal question." (citations omitted throughout). *Fay v. Noia*, 1963, 372 U.S. 391, 438–439, 83 S.Ct. 822, 849, 9 L.Ed.2d 837, 869.

443, 85 S.Ct. 564, 13 L.Ed.2d 408, which held that it is up to the federal courts to determine whether the enforcement of a state procedural rule serves a legitimate interest so as to preclude a state prisoner from raising questions of constitutional right by federal habeas corpus. Florida Rule of Criminal Procedure 3.190(i)[9] is a contemporaneous objection rule analogous to that considered in *Henry*. Their function is the same; "By immediately apprising the trial judge of the objection, counsel gives the court the opportunity to conduct the trial without using the tainted evidence." *Henry v. Mississippi*, supra, 408 U.S. at 448, 85 S.Ct. at 567, 13 L.Ed.2d at 413. The facts of this case, however, are not such as to require that federal courts, from any principle of comity, refrain from determining the underlying constitutional claim of Sykes.

*Henry* dealt with the admissibility of a police officer's testimony as to evidence which had been illegally obtained. Counsel for the defendant in that case did not object at trial to the testimony, and therefore did not comply with the state's contemporaneous objection rule. The Court remanded the case to the state court to determine whether the defendant was "to be deemed to have knowingly waived decision of his federal claim when timely objection was not made to the admission of illegally seized evidence." *Id.*, 408 U.S. at 446, 85 S.Ct. at 566, 13 L.Ed.2d at 412. The Supreme Court stated that there was no question but "that a litigant's procedural defaults in state proceedings do not prevent vindication of his federal rights unless the State's insistence on compliance with its procedural rule serves a legitimate state interest." *Id.*, 408 U.S. at 448, 85 S.Ct. at 567, 13 L.Ed.2d at 413. As already noted, the contemporaneous objection rule considered in *Henry*, and presumably the one at bar, serve a legitimate state interest. The Supreme Court did

not find a waiver in *Henry*, but remanded the case to the state courts, because the Court thought a motion for a directed verdict, made at the close of the State's evidence might have vindicated the state's interest in having the rule followed by alerting the trial judge to the objections of the defendant, and therefore the rule might have been reduced to mere form. The court felt this determination, and other evidentiary questions relating to whether or not error in admitting the evidence was subsequently cured, or whether the defense had engaged in a deliberate by-pass of the Mississippi rule, would be more properly decided in the state courts. As to this later possibility, the Court opined that a deliberate by-pass of the Mississippi procedural rule would constitute a waiver binding on the defendant.

In *Davis v. United States*, 1973, 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216, the Supreme Court held the failure of a federal defendant to assert, before trial, a claim of unconstitutional racial discrimination in the composition of the grand jury which had indicted him, as provided for by Rule 12(b)(2) of the Federal Rules of Criminal Procedure, constituted a waiver of his rights. The waiver foreclosed habeas corpus consideration of the issues raised. A major tenet of the *Davis* decision was that no prejudice was shown to petitioner through the loss, or waiver, of his rights to challenge jury composition.[10] In *Newman v. Henderson*, 5 Cir. 1974, 496 F.2d 896, we held, in a habeas corpus action brought by a state prisoner to challenge the racial composition of the grand jury which had indicted him, that absent a showing of actual prejudice, the principles of *Davis* would bind the petitioner to a waiver predicated upon state procedural requirements. However in a case such as the present one, involving the admissibility of a confession or incriminating state-

---

9. See Note 2, supra.

10. Rule 12(b)(2), F.R.Crim.P., provides for the waiver of claims to defects in the institution of criminal proceedings if not asserted before trial. The defendant may be relieved of this

waiver "for cause shown". In *Shotwell Mfg. Co. v. United States*, 1963, 371 U.S. 341, 83 S.Ct. 448, 9 L.Ed.2d 357, and in *Davis*, supra, the Court indicated actual prejudice would be a factor in "cause shown".

ment, prejudice to the defendant is inherent.

The state pursues its claim of waiver by citing *Winters v. Cook*, 5 Cir. 1973, 489 F.2d 174 (En Banc). In that case we held that the defendant had waived his right, by his guilty plea to a murder charge, to subsequently challenge by writ of habeas corpus the racial composition of the grand jury that had indicted him. The record of that case indicated Winter's attorney fully considered the possibility of raising constitutional objections on behalf of his client, but rejected this option for tactical reasons in favor of a plea of guilty (which the state was induced to accept by the "pry-bar" effect of the threat of the possible constitutional objection) which avoided the possibility of a death sentence. The court held that despite the fact the defendant had not been consulted with on the waiver of the grand jury issue, he was bound by that waiver. The court held however, as had the Supreme Court in *Henry v. Mississippi*, that some "exceptional" circumstances would preclude the waiver by counsel of certain rights without the defendant's knowledge. We are confident that *Miranda* rights, in a situation such as this, might constitute such "exceptional" circumstances, see Developments in the Law—Federal Habeas Corpus, 83 Harv.L.Rev. 1038, 1111 n. 102 (1970), but refrain from basing our holding on this rationale alone.

In a case somewhat similar, factually, to this one, the Seventh Circuit in *United States ex rel. Allum v. Twomey*, 7 Cir. 1970, 484 F.2d 740, considered the juxtaposition of *Fay v. Noia* and *Davis v. United States* in relation to a state prisoner's assertion that he did not "knowingly and deliberately" waive his rights to object to the admissibility of an in custody statement made by him. The court found that the state defendant should be held to a waiver by his failure to object even though it was not a personal waiver, but one attributable to his attorney. In evaluating the facts it found persuasive in reaching this conclusion, the court found "there was a rea-

sonable tactical basis for counsel's failure to object to the statement". *Id.* at 745.

The failure to object in this case cannot be dismissed as a trial tactic, and thus a deliberate by-pass. Aside from the state's bare allegation that such was the case, without the suggestion of the slighted tactical benefit, there is nothing here present upon which to speculate that the defense's failure to object to the introduction of Sykes' statement was a strategic decision. We can find no possible advantage which the defense might have gained, or thought they might gain, from the failure to conform with Florida Criminal Procedure Rule 3.190(i).

## III. CONCLUSION

The burden is on the state to introduce a proper predicate for the admission of a confession or statement against interest into evidence. The trial judge, before receiving the admissions or confessions of a defendant must hold an evidentiary hearing outside the presence of the jury to determine if it was voluntarily made. *Jackson v. Denno*, supra. This is a prerequisite to the introduction of the evidence; and the opportunity to have such a hearing is a pre-requisite to any assertion of waiver because of the defendant's failure to object.

The state's interest then, if not to be reduced to mere form, in having Florida Criminal Procedure Rule 3.190(i) followed, must be co-extensive with the established burden on the state. If the trial judge had questioned the admissibility of the statements, required the prosecution to show they were admissible, appellee would have been on notice as to the waiver of his rights, and Rule 3.190(i) might now foreclose him from bringing additional or subsequent arguments regarding the admissibility of the statement in question. Because the trial afforded appellee in this case did not conform to procedural requirements, long established, that the trial judge must assure himself of the admissibility of the criminal defendant's statements, we refuse to construe Rule 3.190(i) as foreclosing Sykes' opportunity to chal-

lenge the voluntariness of the statements admitted, and the concomitant waiver of *Miranda* rights.

The actual prejudice to appellee stemming from enforcing a waiver of *Miranda* rights, as well as the total absence of any indication that his failure to object is attributable to trial tactics, persuade us that the district court should be affirmed. Justice requires it.

The state will have ninety days from the time our mandate issues to conduct an evidentiary hearing to determine whether Sykes was properly apprised of his *Miranda* rights, and understood and knowingly waived those rights at the time he made the incriminating statements used against him. If the state does not initiate a hearing before the expiration of that time, the district court may determine the issues on the record as transmitted.

The order appealed from is in all respects

Affirmed.