UNITED STATES of America, Plaintiff-Appellee,

v.

Al Lee JOHNSON, Defendant-Appellant.

No. 75–2424.

United States Court of Appeals, Fifth Circuit.

June 9, 1977.

John L. Carter, Houston, Tex. (court-appointed), for defendant-appellant.

Edward B. McDonough, Jr., U.S. Atty., James R. Gough, Jr., Mary L. Sinderson, George A. Kelt, Jr., Steven Jay Rozan, Asst. U.S. Attys., Houston, Tex., for plaintiff-appellee.

Before TUTTLE, WISDOM and COLEMAN, Circuit Judges.

## PER CURIAM:

The defendant-appellant, Al Lee Johnson, was convicted of a violation of the Mann Act, 18 U.S.C. 2421 (1970). The sole issue on appeal involves the admissibility of evidence seized from the defendant's apartment.

The record is not clear whether the arresting officer, Smith, knocked at the door and was admitted by Johnson or whether the door was opened and Smith knocked as he came in the apartment. Smith's gun was drawn when he entered. After entering, he smelled the odor of burning marijuana. He arrested Johnson and Elaine Hurst, a woman who was in the apartment, for possession of the marijuana and then searched the apartment. In the course of the search he found "trick books" and road maps, later introduced in evidence at the trial. Trick books are notebooks containing the names and telephone numbers of a prostitute's "tricks" or clients.

We may assume for sake of argument, that the initial entry was illegal or that the search of the premises for marijuana was too broad in scope to qualify as a justifiable search incident to a lawful arrest.[1] Nevertheless, the evidence of guilt was so overwhelming that the admission of the evidence was harmless error beyond a reasonable doubt. *Chapman v. California*, 1967, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705.

1. Smith, the arresting officer, went to Johnson's apartment looking for a man named Butcher. In July 1974 Elaine Hurst was arrested for illicit solicitation. An investigation showed that she worked with a man named Butcher. In August 1974 the Houston police arrested Elaine Hurst and her sister for public intoxication. The police learned that the women lived at 7637 Harwin Street. On the day of the arrest, Smith had seen Elaine Hurst talking on the telephone. On this information he concluded that Butcher lived at the Harwin Street address. Two days later, the police and the FBI realized that Johnson was not Butcher. He was released on bond on the marijuana charge. The evidence seized was returned to him.

After Johnson was released, Smith applied for a search warrant for the Harwin Street address. He submitted four facts to the magistrate to justify the issuance of the warrant: (1) Smith had arrested the women and learned of their address; (2) the officer had previously searched the apartment and had found specifically described trick books; (3) Smith "and fellow officers" had learned in telephone conversations with officials in California that the women were well-known prostitutes and that Al Johnson acted as their manager or pimp; (4) Smith had seen the trick books returned to the apartment. The appellant contends that there was no probable cause for issuance of the search warrant.

■ The woman arrested with Johnson and her sister testified that they worked as prostitutes for Johnson, lived with him, gave him their earnings, and traveled with him along the west coast from Alaska to California and then went with him to Las Vegas and to Houston. No effort was made to dispute or to discredit their testimony. The trial judge properly instructed the jury that the testimony of the two prostitutes, accomplices, was "to be received with caution and weighed with great care". He further instructed the jury that it should not "convict a defendant upon the unsupported testimony of an alleged accomplice, unless [the jury] believed that unsupported testimony beyond a reasonable doubt".[2]

The judgment is AFFIRMED.

---

**2.** On appeal the appellant's first court-appointed counsel wrote an *Anders* brief submitting that the appeal was frivolous and asking to be dismissed as counsel. A new counsel was appointed. He labored diligently, wrote an excellent brief and excellent reply brief, persuaded the Court to hear oral argument, and caused the Court to weigh the merits of his contentions with the utmost consideration.