Eugene K. McALLISTER,
Petitioner-Appellee,

v.

Bruce BROWN, Warden,
Respondent-Appellant.

No. 76–3970.

United States Court of Appeals,
Fifth Circuit.

July 15, 1977.

---

Arthur K. Bolton, Atty. Gen., Atlanta, Ga., Robert S. Stubbs, II, Chief Deputy Atty. Gen., Richard L. Chambers, Deputy Atty. Gen., Kirby G. Atkinson, Staff Asst. Atty. Gen., John C. Walden, Asst. Atty. Gen., for respondent-appellant.

Professor Frank P. Samford, III, Atlanta, Ga., for petitioner-appellee.

Before TUTTLE, TJOFLAT and HILL, Circuit Judges.

PER CURIAM:

A Georgia jury convicted appellee McAllister of armed robbery of a jewelry store. At the trial, the prosecutor asked a police officer how the robbers had been identified. The policeman testified that an unnamed informant reported that McAllister had claimed responsibility for the crime. The policeman then obtained a photograph of McAllister which, along with several others, he showed to the store's proprietors. They identified McAllister. They later identified him at a lineup, and again in court, as one of the robbers. McAllister presented no evidence in defense other than his own unsworn statement that he had not been involved in the robbery.

The district court found the trial to be constitutionally defective in two respects. First, it held that the state's failure to disclose the informant's identity violated McAllister's sixth amendment right to confront the witnesses against him. Second, the district court held that admission of the police officer's testimony constituted use of an involuntary confession in contravention of the self-incrimination clause of the fifth amendment. We reverse.

■ The state was under no obligation to call the informant as a witness. *Cooper v. California*, 386 U.S. 58, 62 n.2, 87 S.Ct. 788, 791, 17 L.Ed.2d 730 (1967) ("contention . . . that [petitioner] was unconstitutionally deprived of the right to confront a witness against him, because the State did not produce the informant to testify . . . we consider absolutely devoid of merit"); accord, e. g., *United States v. Tatum*, 496 F.2d 1282, 1284 (5th Cir. 1974); *United States v. Prieto-Olivas*, 419 F.2d 149, 151 (5th Cir. 1969). A confrontation clause claim on the facts of this case begs the question. That is, the informant—unless called—cannot be termed a "witness" against the defendant.

Another type of analysis, sounding in due process rather than the confrontation clause, is also implicated by the district court's decision. In *Roviaro v. United States*, 353 U.S. 53, 60–61, 77 S.Ct. 623, 628, 1 L.Ed.2d 639 (1957), the Supreme Court held that "fundamental requirements of fairness" are offended when the Government refuses to disclose the name of an informer whose testimony will be "relevant and helpful to the defense . . . or is essential to a fair determination of the cause". In the instant case, however, McAllister never demanded that the informant's identity be disclosed, nor has he suggested how the informer's personal testimony would in any way be necessary to his defense. Indeed, trial counsel testified at the habeas hearing that he had not pressed for disclosure because he feared that the informant's testimony might further damage his client.[1]

---

1. Since an unnamed informant is not called as a witness, *Roviaro* cannot be based on the confrontation clause. Nor can the *Roviaro* doctrine be comfortably aligned with the compulsory process clause of the sixth amendment. The Framers looked to that clause for assurance that the notorious English practice of forbidding the defendant in treason and felony

The district court incorrectly characterized the police officer's testimony as the use of an illegally obtained confession or other incriminating statement. The essential predicate for a fifth amendment claim is a finding that an accused has been "compelled" to incriminate himself. Here, the out-of-court statement was made to a private citizen in circumstances free of the coercion that vitiates confessions given under physical duress or the psychological pressure of custodial interrogation. When incriminating statements are obtained by police or prosecutorial authorities in a custodial situation, we have insisted that the defendant's relinquishment of the right to remain silent be shown to be a knowing and intelligent waiver, even though no objection is made at trial. *See Wainwright v. Sykes,* 528 F.2d 522 (5th Cir. 1976), *cert. granted,* 429 U.S. 883, 97 S.Ct. 233, 50 L.Ed.2d 164 (1976), *argued,* 45 U.S.L.W. 3666 (Mar. 29, 1977). In the instant case, however, neither official personnel nor official pressure was brought to bear on McAllister. The police officer's testimony may have been double hearsay, but it was not use of a compelled confession as prohibited by the self-incrimination clause.

Finally, it could be argued that the due process clause itself sets an outer limit on the use of hearsay evidence in criminal prosecutions. We need not reach that question on this appeal, because any such error was surely harmless in the circumstances of this case. Both victims of the robbery positively identified McAllister from the photographic array, at the line-up, and in court. Any error caused by admission of the police officer's testimony concerning the informant's story was harmless beyond a reasonable doubt, *Chapman v. California,* 386 U.S.

18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). *Compare United States v. Johnson,* 553 F.2d 901 (5th Cir. 1977) (Mann Act prosecution; *held,* introduction of illegally seized documentary evidence was harmless error where two accomplices testified to their activities as employees of defendant).

REVERSED. The mandate shall issue forthwith.

cases to call witnesses in his behalf would never be followed in the United States; in addition, the clause ensured that even an unpopular defendant could compel the appearance and testimony of witnesses who might otherwise decline an invitation to testify. *See Washington v. Texas,* 388 U.S. 14, 19–20 [87 S.Ct. 1920, 18 L.Ed.2d 1019] (1967). *Roviaro* is most properly conceptualized as a constitutional common law rule governing accommodation of the "informer's privilege" and a defendant's

due process-protected right to present an effective defense. *See Roviaro v. United States,* 353 U.S. 53, 62 [77 S.Ct. 623, 1 L.Ed.2d 639] (1957) (adopting balancing test to determine whether Government must disclose informer's identity); *McRay [McCray] v. Illinois,* 326 [386] U.S. 300 [87 S.Ct. 1056, 18 L.Ed.2d 62] (1967) (treating the "informer's privilege" as a matter of the law of evidence related only tangentially to due process concerns).