Willie Clarence INGRAM *v.* STATE of Arkansas

CR 80-59                          603 S.W. 2d 887
Supreme Court of Arkansas
Opinion delivered September 15, 1980
Rehearing denied October 6, 1980

*E. Alvin Schay*, State Appellate Defender, by: *Ray Harten-stein*, Chief Deputy Defender, Little Rock, for appellant.

*Steve Clark*, Atty. Gen., by: *Joseph H. Purvis*, Deputy Atty. Gen., Little Rock, for appellee.

GEORGE ROSE SMITH, Justice. The appellant and Laverto Tony Holmes were jointly charged with having committed rape at the home of the prosecutrix in Little Rock. The jury returned a verdict of guilty and imposed a 15-year sentence. For reversal Ingram argues that the trial court erred in ruling that an alleged oral confession by Ingram could be used by the prosecution for impeachment if Ingram elected to testify, without the court's having first made a finding of fact that the oral confession was actually made and was voluntary.

After the conclusion of a Denno hearing the prosecutrix testified on the merits that the defendants forcibly entered her house and raped her, Ingram first and then Holmes. Ingram elected not to testify on the merits.

The Denno hearing was requested with respect to a written statement signed by Ingram. That statement was comparatively innocuous, Ingram merely stating that the prosecutrix agreed to do what Holmes said and that Ingram stayed in the front of the house when the other two went in the bedroom. The court found the written confession to have been voluntary; it was introduced by the State in its case in chief.

The point now in issue arose during the Denno hearing. Two police officers testified that during the investigation they

went to the home of Ingram's father and arrested Ingram. As they were driving to the jail they orally advised Ingram of his rights. They said Ingram then told them that after Holmes got through with the prosecutrix he went in and had intercourse with her also. The written statement was made after they reached the police station.

Defense counsel objected to the oral confession primarily on the ground of surprise, in that there had been no mention of it in the prosecutor's file. Counsel also asserted that the officers' testimony was inherently incredible and that the oral statement would not be voluntary, no rights form having been signed. Both defendants asked that the oral confession be suppressed. The judge at that point made no ruling, pointing out that there was nothing before him except uncontroverted testimony that Ingram had been advised of his rights and had made his statements voluntarily.

Next, Ingram took the stand and testified that the officers did not advise him of his rights, that he made no statement at all, and that they all rode silently to the station. After some additional testimony, not now pertinent, the court ruled that the statement would be suppressed on the ground of surprise, but it could be used by the State if Ingram testified and denied having made it. We quote all the material part of the court's ruling and of the ensuing colloquy to show that defense counsel did not object to the ruling and did not request a finding that the oral statement had or had not been voluntary.

> The Court: The Court will hold that the State will not be permitted to introduce into evidence the alleged oral statement, not that the Court is convinced that it may or may not have occurred but because of the possible prejudice to the Defendants and there being no evidence of that statement in the file to alert the Defendants. And I just think it would be better procedure if an oral statement is made that there be some note in the file, and I think it generally is in the file. . . . But in this case there is no evidence of it to put the Defense on notice and, without ruling where it is made or is not made, I will just hold that the procedure for noting that

in the file, which would be a good procedure, was not done in this case. And, therefore, the statement will be suppressed.

Defense Counsel: Your Honor, that goes even for the State's rebuttal.

The Court: Now, if Mr. Ingram takes the stand, then the State will be permitted to inquire if he made a statement to Dunnington or . . . Keel. Will be able to ask him if he made a statement, setting forth what it is. But I will read at that time an instruction to the jury if you request it that the statement can be made [considered] only for an inconsistent statement to attack his credibility and cannot be admitted or considered by the jury for the truth or veracity of the statement.

Defense Counsel: Your Honor, what I was getting at is if Mr. Ingram were to take the stand [and] the Prosecutor were to ask him that on cross-examination is the Prosecutor permitted to put Mr. Dunnington upon rebuttal?

The Court: Yes. That's what I just said. If Mr. Ingram takes the stand — I'm going to exclude the testimony of the alleged statement in the car, but if he takes the stand, the Prosecutor can ask him if he made a statement different. Also, his statement on the witness stand must be different from the written statement that I've admitted in. If he reads that and that's his story, fine. But then the Prosecutor can question him about a prior inconsistent statement which is the oral statement.

Defense Counsel: His oral statement is inconsistent with his written statement.

The Court: So when he makes his —

Defense Counsel: If he sticks to his written statement, then the oral statement can't come in under any circumstances.

The Court: No. He has made a prior inconsistent statement. So, if he stays with the written statement in court, then the Prosecutor can ask him if he's made a prior inconsistent statement. Now, if he turns around on the witness stand and says what he said in the car, there is no prior inconsistent statement and he couldn't inquire of him.

> Prosecutor: And I couldn't put on extrinsic proof to show that?
> The Court: No.

It will be seen that after the court had announced its ruling, sustaining the objection on the ground of surprise, counsel on both sides asked questions to determine the exact effect of the ruling with respect to the possible use of the oral statement for impeachment only. But defense counsel made no objection whatever to the court's ruling and no request whatever for a finding on the question of voluntariness.

The defense must ordinarily raise the issue of voluntariness when the State introduces proof of a confession. In *Wainwright* v. *Sykes*, 528 F. 2d 522 (5th Cir., 1976), Sykes made no objection when his in-custody statements were introduced at his trial in the state court. After his conviction he applied for habeas corpus relief in the federal court, arguing that it was incumbent on the prosecution to establish the voluntariness of the statements before they could be introduced in evidence. The Court of Appeals for the Fifth Circuit upheld that argument and ordered the state court to hold a hearing on the question of voluntariness. The Supreme Court reversed, saying broadly that "the Constitution does not require a voluntariness hearing absent some contemporaneous challenge to the use of the confession." *Wainwright* v. *Sykes*, 433 U.S. 72, 86 (1977). Inasmuch as an in-custody confession was before the court in that case, it appears that the mere presumption that such a confession is involuntary does not dispense with the need for an objection.

Despite the ruling in *Wainwright*, it has been held that certain "alerting circumstances" may require the trial court to raise the question of voluntariness itself, without an objection, when a confession is introduced. The cases were reviewed at length in *United States* v. *Powe*, 591 F. 2d 833 (D.C. Cir., 1978). The court held that the trial judge should have interposed the issue of voluntariness when the testimony indicated that the confession was obtained by a promise of leniency. No doubt other alerting circumstances might include the use of force by the interrogating officers or the existence of serious physical or mental infirmity in the defendant.

Assuming the *Powe* decision to be correct, in the case at bar we find no alerting circumstances that might dispense with the necessity for an objection to the use of the confession for impeachment. Both officers testified that the Miranda warnings were given. There is no suggestion that force or a promise of leniency was used. Ingram himself simply denied that he had made the statement.

It seems evident that trial counsel, who were different from appellate counsel, were confronted without warning with a choice of trial tactics. Their main objective was to exclude the oral confession, which was far more damaging than the written statement and perhaps fatal to a successful defense. Counsel had succeeded in having the oral confession excluded from the State's case in chief, on the narrow ground of surprise. That victory, in view of the court's adverse but correct ruling on the issue of impeachment, was won at the cost of keeping Ingram off the witness stand. Counsel might understandably have been hesitant to abandon the issue of surprise and press for a ruling either that the confession had not been made or that it was not voluntary. Counsel decided, we cannot even say unwisely, to be content with their success on the issue of surprise. On the record as it was made, no reversible error is shown.

The appellant's position is not strengthened by counsel's having made a formal record of objections after both sides had rested and after the instructions had been agreed upon. At that point defense counsel made a motion for a directed verdict (which had already been tacitly overruled) and renewed his objection on the ground of surprise: "I would like to reiterate my objections to permitting [the oral confesson] to be used in any form whatsoever, even on rebuttal. The reason for this is surprise. . . . Because of this element of surprise, the Defendant Ingram was effectively prevented from a strategic point of view from taking the stand which he might well have done otherwise and was, in fact, planning to do, which he did not do because the Court was to permit this alleged oral confession to be used against him for purposes of State's rebuttal. . . . In addition, I would make this motion [no motion was actually being made] also on the grounds of inherent incredibility of such a statement and certainly no

proof of the stature required by law that such a statement, if a statement was made, was made voluntarily and knowingly."

The oral confession not having been introduced in evidence, the appellant's only assertion of prejudice is that he was kept from taking the witness stand. But in the objection just quoted, counsel attributed Ingram's failure to take the stand to the court's assertedly erroneous ruling that a confession excluded on the ground of surprise is nevertheless admissible for impeachment. That ruling, however, was correct, as we have already seen. In counsel's closing reference to voluntariness he merely questioned the sufficiency of the evidence and did not ask for a ruling on the point, doubtless becuase at that stage of the trial such a ruling could not have been of any practical effect, the confession not having been heard by the jury.

Affirmed.

Purtle, J., dissents.

John I. Purtle, Justice, dissenting. I disagree with the majority opinion in this case because, in my opinion, the appellant clearly objected to the admission of the alleged in-custody oral confession. Further, the trial court failed to make a finding of voluntariness as required by law and procedent.

Ark. Stat. Ann. § 43-2105 (Repl. 1977) states as follows:

Issues of fact shall be tried by a jury, provided that the determination of fact concerning the admissibility of a confession shall be made by the court when the issue is raised by the defendant; that the trial court shall hear the evidence concerning the admissibility and the voluntariness of the confession out of the presence of the jury and it shall be the court's duty before admitting said confession into evidence to determine by a preponderance of the evidence that the same has been made voluntarily.

From this statute we can clearly see that if the ad-

missibility of the confession was raised by the defendant, it was the court's duty to determine by a preponderance of the evidence that the confession was made voluntarily. There was no such finding in this case as evidenced by the statement of the court:

> The Court will hold that the State will not be permitted to introduce into evidence the alleged oral confession, not that the court is convinced that it may or may not have occurred, but because of the possible prejudice to the Defendants and there being no evidence of that statement in the file to alert the Defendants. \*\*\*

Any custodial statement made by an accused is presumed to be involuntary, and it is the duty of the state to prove otherwise. *Hileman* v. *State*, 259 Ark. 567, 535 S.W. 2d 56 (1976). An involuntary confession cannot be used even for impeachment purposes in a criminal proceeding against an accused. *Mincey* v. *Arizona*, 437 U.S. 385 (1978).

Even if it were conceded that the appellant did not use specific words in the initial objection at the Denno hearing, any doubt should be removed by the statement made at the close of the state's evidence in chief. At that time appellant's attorney stated:

> \*\*\*I would like to reiterate my objections to permitting it to be used in any form whatsoever, even on rebuttal. \*\*\*In addition, I would make this motion also on the grounds of the inherent credibility of such a statement and certainly no proof of the stature required by law that such statement, if a statement was made, was made voluntarily and knowingly.

Since the court failed to follow the requirements of Ark. Stat. Ann. § 43-2105, I think the alleged confession should have been excluded for all purposes. Clearly, our cases have held that the state has the burden of proving the voluntariness of an in-custody statement. The effect of the court's ruling in practical application denied the appellant the right to take the stand in his own defense. Therefore, I would reverse and remand.

236

I am authorized to state that MAYS, J., joins me in this dissent.