**Michael CAVANAUGH,**
**Petitioner–Appellant,**

v.

**Larry KINCHELOE; Amos Reed,**
**Respondents–Appellees.**

**No. 88–3973.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 4, 1989.

Decided July 3, 1989.

---

James E. Egan, Kennewick, Washington, for petitioner-appellant Cavanaugh.

John M. Jones, Asst. Atty. Gen., Corrections Division, Olympia, Washington, for respondents-appellees.

Before ALARCON and THOMPSON, Circuit Judges, and TASHIMA,* District Judge.

ALARCON, Circuit Judge:

Michael Cavanaugh appeals from the April 11, 1988 dismissal of his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, for failure to object at his habitual criminal proceedings to the failure of the state prosecutor to prove compliance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), at the time he pleaded guilty to two of the alleged prior convictions. Cavanaugh seeks reversal on the following grounds:

One. The State of Washington did not raise the issue of procedural bar before the district court. Therefore, this issue was waived.

Two. The Washington rule that failure to raise an issue on appeal precludes review of that question in a personal restraint petition is inapplicable where the record shows the deprivation of a federal constitutional right.

Three. The district court erred in applying the procedural bar doctrine because the

---

* Honorable A. Wallace Tashima, United States District Judge for the Central District of California, sitting by designation.

record shows "cause" for the failure to object to the required foundation under *Boykin* for proof of the validity of a prior plea of guilty and "actual prejudice."

Four. The guilty pleas entered in 1957 and 1972 are invalid because they were involuntary under *Boykin*.

Five. The habitual criminal proceedings are invalid because Cavanaugh was ineffectively represented by counsel as evidenced by his failure to object to the lack of a proper foundation under *Boykin* for the admission of his 1957 and 1972 prior convictions.

## I.

### FACTS AND PROCEDURAL BACKGROUND

Cavanaugh entered a plea of guilty in 1957 in the United States District Court for the District of Montana to the crime of interstate transportation of a stolen motor vehicle. In 1966, a jury convicted Cavanaugh in an Oregon state court for the crime of burglary. In 1972, he entered a plea of guilty in an Oregon state court to the crime of second degree assault.

On October 28, 1976, Cavanaugh was found guilty, following a jury trial, of the crime of burglary of the second degree in the Superior Court in Kitsap County, Washington. On the same date, a supplemental information was filed charging Cavanaugh with being an habitual criminal. The supplemental information alleged each of the prior convictions set forth in the preceding paragraph.

At the habitual criminal trial, Cavanaugh's attorney objected to the admissibility of the 1957 and 1972 convictions on the ground that the copies of the records of the Montana and Oregon judgments received into evidence were not properly authenticated. No objection was made that the 1957 and 1972 pleas were entered in violation of the federal constitution. The jury found that the State had proved each of these prior convictions and that Cavanaugh was an habitual criminal. On January 10, 1977, Cavanaugh was adjudged an habitual criminal and sentenced to life imprisonment.

Cavanaugh filed a direct appeal to the Washington Court of Appeals from the judgment of conviction for the crime of burglary and the adjudication that he was an habitual criminal. Cavanaugh did not claim in his direct appeal that the evidence of the 1957 and the 1972 judgments was inadmissible, because of a federal constitutional violation, nor did he allege that his trial counsel was ineffective because he failed to object to the admission into evidence of the records of his prior convictions. The Washington Court of Appeals affirmed on September 12, 1978, in an unpublished opinion. (No. Civ. 2700–II).

On September 15, 1980, Cavanaugh filed a pleading that was treated as a personal restraint petition. In this petition, Cavanaugh argued that the adjudication that he was an habitual criminal was invalid because he had not been advised, at the time he entered his pleas of guilty in 1957 and 1972, of the consequences should he later be subjected to an habitual criminal charge in the State of Washington.

In an unpublished opinion, the Washington Court of Appeals dismissed this petition on April 30, 1981. (Civ. No. 5048–II). The court concluded *inter alia* that because Cavanaugh did not raise this issue in his direct appeal he could not use a personal restraint petition to obtain review of issues that could have been raised on direct appeal. Cavanaugh did not seek a hearing on this petition before the Washington Supreme Court.

In November, 1983, Cavanaugh filed a second personal restraint petition. In this petition, Cavanaugh argued that the determination that he was an habitual criminal was based on invalid guilty pleas because he was not advised of the elements of the offense, the consequences of a plea of guilty, and the privilege against self-incrimination. He also contended that his trial counsel was ineffective for failure to challenge the validity of his pleas.

The Washington Court of Appeals dismissed the second petition in an unpublished opinion on January 19, 1984. (Civ.

No. 7382–O–II). The court stated that under *In re Hews*, 99 Wash.2d 80, 660 P.2d 263 (1983), a personal restraint petition cannot be used as a substitute for a direct appeal of alleged errors at trial unless the petitioner can show actual prejudice. *Hews*, 660 P.2d at 267. The court held that Cavanaugh had not shown actual prejudice as the result of a failure to challenge the admission of the prior convictions on federal constitutional grounds. (Civ. No. 7382–O–II, at p. 3). On March 16, 1987, the Washington Supreme Court denied Cavanaugh's motion for discretionary review of his personal restraint petition.

On July 17, 1984, Cavanaugh filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his section 2254 petition, Cavanaugh claimed that the 1957 and 1972 prior convictions were admitted in violation of his federal constitutional rights and he was denied his sixth amendment right to effective representation by counsel. The district court dismissed the section 2254 petition on June 21, 1985, without prejudice for failure to exhaust available state remedies. The district court did not reach the merits of the petition.

Cavanaugh appealed. Before this court, the State conceded that Cavanaugh had exhausted his state remedies. The State argued, however, that dismissal was proper because Cavanaugh's claims were procedurally barred. We held in an unpublished memorandum disposition that the issue of procedural bar was not waived by the State. We remanded to the district court for consideration of the procedural bar issue, and a determination of the merits of the petition if no bar were shown by the State. (No. 85–4334).

Upon remand the matter was referred to a magistrate for a report and recommendation. The magistrate concluded that Cavanaugh was procedurally barred under Washington law from challenging the admission of proof of his 1957 and 1972 prior convictions because of his failure to interpose an objection at trial on federal constitutional grounds. The magistrate also determined that Cavanaugh had failed to show that he was actually prejudiced by the admission of the proof of his prior convictions. The magistrate's report made no reference to Cavanaugh's claim that his trial counsel was ineffective for failing to object to the admission of proof of his 1957 and 1972 prior convictions without a showing that he was advised of the elements of the offense, the consequences of a plea of guilty, the right to trial by jury, and the privilege against self-incrimination. In his pro se "response in opposition" to the magistrate's report and recommendations, Cavanaugh did not object on the ground that the magistrate's report recommended a dismissal without discussing his effectiveness of counsel claim.

The district court adopted the magistrate's report and recommendation without comment and dismissed the petition without reaching the merits of the claims that the guilty pleas were invalid and counsel was ineffective. The present appeal requires us to determine whether these claims were procedurally barred.

## II.

## DISCUSSION

### A. *No Waiver of Procedural Default*

◼ Cavanaugh argues that the State has waived its right to argue that his claims are procedurally barred because this argument was not properly raised in the district court. This contention is totally devoid of merit.[1] In the prior appeal of this matter, we held that the State had presented the question of procedural bar to the district court. Our earlier decision in this matter established the law of the case on the issue of the alleged waiver of the question of procedural bar. "We will exercise our discretion to reconsider a prior decision if the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such is-

---

1. We review a district court's decision on a petition for writ of habeas corpus independently and without deference. *Campbell v. Kincheloe,* 829 F.2d 1453, 1457 (9th Cir.1987), *cert. denied,* — U.S. —, 109 S.Ct. 380, 102 L.Ed.2d 369 (1988).

sues, or the decision was clearly erroneous and would work a manifest injustice." *United States v. Houser*, 804 F.2d 565, 568 (9th Cir.1986) (quotation omitted); *United States v. Layton*, 855 F.2d 1388, 1403 (9th Cir.1988). Cavanaugh has not demonstrated that our earlier decision in this matter will work a manifest injustice or that the facts or applicable law have changed.[2] Accordingly, under the doctrine of the law of the case, the State did not waive its right to argue that dismissal is warranted because Cavanaugh's claims are procedurally barred.

## B. *Failure to Object Bars Review*

 Cavanaugh contends that a federal constitutional challenge to the admission of evidence can be presented to a federal court on a section 2254 petition notwithstanding a failure to comply with a state's contemporaneous objection rule "[s]ince the federal courts should decide issues of federal constitutionality." Appellant's Brief, page 17. This argument completely ignores the Supreme Court's holding in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). The facts in *Wainwright* closely parallel those before this court in the instant matter. In *Wainwright*, the defendant failed to object at trial to the admissibility of inculpatory statements on the ground that he had not understood the *Miranda* warnings that had been read to him because of his state of intoxication. *Id.* at 75. *Wainwright* appealed from the judgment of conviction but did not raise the *Miranda* issue. *Id.* He later filed petitions for habeas corpus in the Florida District Court of Appeals and that state's Supreme Court challenging voluntariness for the first time. These petitions were unsuccessful. *Id.*

Wainwright then filed a section 2254 petition challenging the admissibility of his statements. *Id.* The district court held that Wainwright had not lost the right to assert his federal constitutional claim by failing to object at trial or on direct appeal. *Id.* at 76. The United States Court of Appeals for the Fifth Circuit concluded that because prejudice is "inherent" where the admissibility of an incriminating statement is at issue, a failure to object does not bar review of a section 2254 petition absent proof that the right to object was deliberately bypassed for tactical purposes. *Wainwright v. Sykes*, 528 F.2d 522, 526–27 (5th Cir.1976). The Supreme Court reversed, holding that federal habeas corpus review of the admission of a confession at trial is barred in the absence of a showing of "cause" and "actual prejudice," if a section 2254 petitioner failed to make a timely objection at trial as required by state law to preserve the issue on direct appeal. *Wainwright*, 433 U.S. at 86–87, 97 S.Ct. at 2506.

We are persuaded that the procedural default rule explained in *Wainwright* is clearly applicable under the circumstances presented in this record. In this matter, as in *Wainwright*, a defendant who failed to object at trial to the prosecutor's failure to prove voluntariness, as required by state law, attempted to obtain section 2254 habeas corpus review of his federal constitutional claim. Under Washington law, a defendant may not challenge for the first time on appeal, the voluntariness under *Boykin* standards of a guilty plea, used to prove that he is an habitual criminal. *State v. Smith*, 104 Wash.2d 497, 707 P.2d 1306, 1310 (1985). Cavanaugh failed to object to the voluntariness under *Boykin* of his 1957 and 1972 priors at his habitual criminal proceedings. Under the rule of the *Smith* case, Cavanaugh was procedurally barred from obtaining direct review of his federal constitutional claim in a State of Washington Appellate Court.

Cavanaugh also failed to raise any issue concerning the voluntariness of his plea on his direct appeal. In *Murray v. Carrier*,

**2.** Since our earlier decision in this matter, the Supreme Court, in *Harris v. Reed*, — U.S. —, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989), has disapproved of the rule followed in this circuit concerning our duty when a state supreme court has denied habeas corpus relief on an independent state ground, but also reaches the merits of a federal constitutional claim. *Harris v. Reed* did not, however, change the law pertaining to the effect of a state's *waiver* of a procedural default.

477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) the Supreme Court held that failure to comply with a state's appellate rules will also result in a procedural bar to habeas corpus review of alleged federal constitutional error. *Id.* at 478, 106 S.Ct. at 2639.

Under *Wainwright* and *Carrier,* Cavanaugh may not obtain section 2254 habeas corpus review of his challenge to the voluntariness of his plea of guilty under *Boykin* unless he can demonstrate "cause" for his procedural default and "actual prejudice." [3]

### C. *No Showing of Cause and Prejudice*

Cavanaugh contends that he is not procedurally barred from raising the issue of voluntariness because the record shows cause for his failure to raise this issue at the habitual criminal proceedings and he was "actually prejudiced" by the admission of proof of his prior convictions.

■ In *Smith v. Murray,* 477 U.S. 527, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986), the Supreme Court held that if a petitioner fails to demonstrate cause for his noncompliance with a state's procedures, a reviewing court "need not determine whether petitioner has carried his burden of showing actual prejudice." *Id.* at 533, 106 S.Ct. at 2666. Cavanaugh contends that the record shows that the cause of his default was the failure of his trial counsel to object to the admissibility of proof on voluntariness grounds of his 1957 and 1972 pleas of guilty.

Cavanaugh has failed to demonstrate that his trial counsel caused his procedural default regarding the admissibility of the 1957 prior conviction at the habitual criminal proceedings. The Supreme Court has instructed that failure to object because counsel did not recognize the legal basis for a claim does not demonstrate "cause" for a procedural default. *Murray v. Carrier,* 477 U.S. 478, 486–87, 106 S.Ct. 2639, 2644–45, 91 L.Ed.2d 397 (1986).

■ Cavanaugh also claims that the failure of his trial counsel to object to the 1972 plea of guilty demonstrates "cause" and "actual prejudice" excusing his procedural default. It is unnecessary for us to examine the question of the cause of the failure to make a timely objection to the admission of proof of the 1972 plea of guilty, however, because of our conclusion that admissibility of the 1957 judgment is unreviewable because of Cavanaugh's procedural default. Under Washington's habitual criminal law, the State is only required to prove that a defendant has suffered two prior convictions. No constitutional error has been claimed regarding the 1966 judgment of conviction. We cannot review Cavanaugh's federal constitutional challenge to his 1957 plea of guilty because he has failed to demonstrate "cause" for his procedural default. Thus, the judgment that Cavanaugh is an habitual criminal must stand irrespective of the validity of his 1972 plea of guilty because it is supported by two other prior convictions. Accordingly, Cavanaugh cannot show "actual prejudice" in this collateral attack because of the submission of the 1972 prior conviction to the jury. Because "actual prejudice" resulting from the admission of proof of his 1972 prior conviction has not been

---

**3.** Washington appears to have adopted at least part of the "cause" and "actual prejudice" exception to the procedural default rule set forth in *Wainwright. See Hews v. Evans,* 99 Wash.2d 80, 660 P.2d 263, 267 (1983) ("as in federal cases, we held [in *In re Hagler,* 97 Wash.2d 818, 650 P.2d 1103 (1982)] petitioner has the burden of demonstrating an actual prejudice created the alleged constitutional error."). Under Washington law, a person may obtain review of an alleged constitutional error, notwithstanding his failure to raise the issue on direct appeal, when the record shows "actual prejudice." *Hews v. Evans,* 660 P.2d at 267.

As set forth above, in this matter, the Washington Court of Appeals concluded that Cavanaugh was procedurally barred from obtaining relief on collateral review of his federal constitutional claims because he failed to make a showing of "actual prejudice." We are not bound by that determination. We are required by *Wainwright* to make an independent determination as to whether the record before the district court shows that Cavanaugh has demonstrated "cause" and "prejudice" entitling him to a review of his section 2254 petition. If the district court's record were to show "cause" and "prejudice," we would be compelled to permit section 2254 review regardless of a contrary determination by the state court.

shown, because the 1957 and 1966 conviction are sufficient to sustain the habitual criminal adjudication, the district court did not err in declining to reach the merits of Cavanaugh's procedurally barred claim that the underlying pleas of guilty were not voluntary.

### D. *Waiver of Ineffectiveness of Counsel Claim*

■ Cavanaugh contends that the failure of his trial counsel to object to the admissibility of his 1957 and 1972 prior convictions on the ground that there was no proof that his guilty pleas were entered voluntarily and intelligently under the *Boykin* standards violated his federally protected right to effective representation. The magistrate did not discuss the merits of this claim in his report and recommendation to the district court. Instead, the magistrate concluded that Cavanaugh's challenge to the voluntariness of his 1957 and 1972 pleas of guilty could not be reviewed because they were procedurally barred.

The concluding paragraph of the magistrate's report and recommendation reads as follows:

> The Magistrate must find that the plaintiff is procedurally barred from challenging his habitual criminal conviction based upon the alleged unconstitutionality of the underlying convictions. Moreover, because the plaintiff cannot demonstrate that his "involuntary guilty pleas in the underlying crimes actually prejudiced him, federal habeas corpus relief must be denied. This petition should be dismissed.

We are persuaded that the magistrate simply did not consider Cavanaugh's separate ineffectiveness of counsel challenge to the State Court's adjudication that he is an habitual criminal. In his objections to the magistrate's report, Cavanaugh did not object to the failure of the magistrate to distinguish his voluntariness claim from the issue he raised concerning the effectiveness of his trial counsel. The district court adopted the magistrate's recommendation that the petition be dismissed without commenting on the competency of counsel issue.

The State suggests that under Federal Rules of Civil Procedure 72(b) Cavanaugh's "[f]ailure to file an objection to a Magistrate's Report and Recommendation on a specific ground waives the right to appeal that issue." Appellees' Brief, page 14. The State relies on *Abeshouse v. Ultragraphics, Inc.*, 754 F.2d 467 (2nd Cir.1985), and *Bornstein v. Poulos*, 793 F.2d 444 (1st Cir.1986), in support of the proposition that Cavanaugh's failure to object to the failure of the magistrate to refer to the ineffectiveness of counsel issue waived his right to appeal on that claim. The cases cited by the State do not involve section 2254 cases. Rule 72(b) does not apply to habeas corpus petitions filed under 28 U.S.C. § 2254. The commentary to Rule 72(b) contains the following instruction concerning the limited reach of this rule:

> This subdivision governs court-ordered referrals of dispositive pretrial matters and prisoner petitions challenging conditions of confinement pursuant to statutory authorizations in 28 U.S.C. § 636(b)(1)(B). This rule does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28.

Fed.R.Civ.P. 72, Notes of Advisory Committee on Rules, subd. (b).

After our prior review of this matter, we reversed and remanded for a ruling on the procedural bar issue concerning the separate constitutional challenges to the admissibility of the pleas of guilty and whether trial counsel was ineffective. We further directed the district court to consider the merits of each claim if they were not procedurally barred.

The district court failed to carry out our mandate regarding the claim of ineffectiveness of counsel. Reluctantly, we are compelled to remand the issue of the alleged ineffectiveness of counsel once again with the following directions:

One. The district court shall determine whether the claim of ineffectiveness of counsel is procedurally barred. Specifical-

ly, the district court shall consider whether the Washington Court of Appeals clearly and expressly, in a plain statement, concluded that the issue of ineffectiveness of counsel was procedurally barred under that state's law as required by *Harris v. Reed,* — U.S. ——, 109 S.Ct. 1038, 1043–44, 103 L.Ed.2d 308 (1989).

Two. If the claim is procedurally barred, the district court shall determine whether "cause" and "actual prejudice" have been shown.

Three. If the ineffectiveness of counsel claim is not procedurally barred, or "cause" and "actual prejudice" have been demonstrated, the district court shall determine the merits of the claim of ineffectiveness of counsel, and take such evidence as may be necessary to resolve this issue.

Four. The district court shall prepare written findings of fact and conclusions of law in response to the directions contained in this mandate.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.