972 F.2d 1347
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Steven TREXLER, Defendant-Appellant.
 Nos. 91-50235, 91-50247.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 2, 1992.*
Decided July 22, 1992.
 
 1
 Before D.W. NELSON and DAVID R. THOMPSON, Circuit Judges, and LYNCH**, District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 James Trexler challenges the validity of his sentence, which reflects an upward departure under the Sentencing Guidelines.
 
 
 4
 The Sentencing Guidelines permit departures only if "there exists an aggravating or mitigating circumstances of a kind, or to a degree that was not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines." 18 U.S.C. § 3553(b).
 
 
 5
 Where a district court departs upward based on an under-represented criminal history, the reviewing court must consider (1) whether the district court specified which events in a defendant's criminal record are inadequately represented in the Guidelines' calculation; and (2) whether the district court explained which criminal history category it used or how it arrived at the sentence given. United States v. Hoyungowa, 930 F.2d 744, 747 (9th Cir.1991).
 
 
 6
 Upon resentencing after defendant's first appeal, Judge Judith Keep again departed upward, maintaining that defendant's criminal history was under-represented. The prior Ninth Circuit opinion in this case considered that grounds for departure and specifically approved of it:
 
 
 7
 [t]he district court did not abuse its discretion in determining Trexler's criminal history category did not adequately reflect the risk of recidivism, given the dismissal of the similar case, the merger of his federal indictments under Rule 20, his state conviction for possession of a forged note and his arrest for burglary of a stolen identification card. United States v. Trexler, Nos. 89-50151, 89-50421, 89-50425 (9th Cir. Oct. 1, 1990).
 
 
 8
 Thus, it is the law of the case that such an upward departure is justified. See Cavanaugh v. Kincheloe, 877 F.2d 1443, 1446-47 (9th Cir.1989) (an earlier decision of this court on this issue constitutes "law of the case," precluding appellant from raising it in subsequent appeal absent manifest injustice or a change in controlling authority).
 
 
 9
 Additionally, on its merits, it is clear that the sentencing court satisfied the two Hoyungowa requirements. First, the sentencing court specifically identified the under-represented events. Second, the court explained how it arrived at the sentence given, i.e., by employing an analogy to a theoretical criminal history category of seven:
 
 
 10
 I do in fact find that the criminal history category--or the criminal history score does not adequately reflect the seriousness of Mr. Trexler's record and so I will depart upward to basically guiding myself by jumping from a level 16 to an 18 to find a guideline range of 57 to 71 months to take into account the fact that the criminal history score is inadequate. And, therefore, because category six is the highest it goes and he is currently in category six, I find that jumping to offense level 18, [where] the guidelines are 57 to 71 months, would essentially be proper in this particular case. Transcript of Proceedings, Feb. 11, 1991.
 
 
 11
 Accordingly, the sentencing court met all of the requirements for departing upward based on an under-represented criminal history category.
 
 
 12
 Finally, a disparity among codefendants is not, by itself, a sufficient ground for attacking an otherwise proper sentence under the Guidelines. United States v. Hoy, 932 F.2d 1343, 1345 (9th Cir.1991); United States v. Carpenter, 914 F.2d 1131, 1135-36 (9th Cir.1990). Appellant complains that a codefendant, Saccoccie received only 60 months. The two defendants, however, are by no means similarly situated factually.
 
 
 13
 Thus, because the sentencing court's upward departure was proper, the decision below must be AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Honorable Eugene F. Lynch, United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3