977 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Howard James HARRIS, Defendant-Appellant.
 No. 91-10551.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Sept. 28, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Howard James Harris appeals his sentence imposed under the Sentencing Guidelines on remand from this court. See United States v. Harris, Nos. 88-1479, 88-1487, memorandum disposition (9th Cir. June 1, 1990) (remanding for clarification of base offense level and extent of upward adjustment for role in offense). Harris pleaded guilty to two counts of aiding and abetting the distribution of phencyclidine (PCP), and pursuant to his plea agreement, other counts were dismissed. He contends that on remand the district court erred by (1) considering PCP involved in the dismissed counts when setting his base offense level at 40, (2) failing to take into account the fact that the PCP was liquid when setting his base offense level, and (3) refusing to make a downward adjustment for acceptance of responsibility. The government correctly concedes that the base offense level should at most have been 36, the maximum level under the 1988 version of the Guidelines. See U.S.S.G. § 2D1.1, Drug Quantity Table (Jan. 1988). We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and vacate and remand in part.
 
 
 3
 In the second of two orders on remand, the district court made it clear that the base offense level was 40, and that no upward adjustment had been made for Harris's role in the offenses. Because the criminal history category was V, the sentencing range was 360 months to life. The sentence imposed was 360 months.
 
 
 4
 Harris contends that the district court erred by considering 50 pounds of PCP involved in dismissed counts because this application of U.S.S.G. § 1B1.3(a)(2) (relevant conduct provision) violated his plea bargain. This contention lacks merit because it was not improper to group the dismissed counts with the counts of conviction. See United States v. Fine, No. 90-50280, slip op. 11067, 11078-83 (9th Cir. September 14, 1992) (en banc); United States v. Turner, 898 F.2d 705, 711 (9th Cir.), cert. denied, 495 U.S. 962 (1990).
 
 
 5
 Harris's contention that the one pint and one gallon of PCP involved in the counts of conviction should have been reduced by one-tenth from 4.25 kilograms to 425 grams because the PCP was liquid rather than dry therefore is moot. See U.S.S.G. § 2D1.1, Drug Quantity Table (Jan. 1988) (50 pounds equals 22.68 kilograms, base offense level for 10 or more kilograms of PCP is 36).
 
 
 6
 Harris also contends that the district court erred by failing to reconsider on remand a downward adjustment for acceptance of responsibility. In Harris's first appeal, this court affirmed the district court's finding that Harris did not accept responsibility for the offenses. See United States v. Harris, Nos. 88-1479, 88-1487, memorandum disposition (9th Cir. June 1, 1990). This court's earlier decision is law of the case. See Cavanaugh v. Kincheloe, 877 F.2d 1443, 1446-47 (9th Cir.1989) (this court will exercise its discretion to reconsider an earlier decision only if evidence in subsequent proceeding is substantially different, controlling authority has changed, or earlier decision was clearly erroneous). Accordingly, Harris's contention lacks merit.
 
 
 7
 We VACATE the sentence and REMAND for resentencing based on a base offense level of 36.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3