29 F.3d 637
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Will SMITH, a/k/a "Smiley," Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffrey JEFFERSON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
James B. SUTTON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frank MOORE, Defendant-Appellant.
 Nos. 93-30135, 93-30268, 93-30158 and 93-30159.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 13, 1994 (Nos. 93-30135 and 93-30138).
Submitted April 13, 1994* (Nos. 93-30159 and 93-30268).
Decided June 28, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 MEMORANDUM
 
 1
 Jefferson, Moore, Smith, Sutton, and a number of others are members of Los Angeles based street gangs that were distributing drugs in Tacoma, Washington. They were convicted of conspiracy to distribute crack cocaine and various related drug and weapons offenses. On a previous appeal, we affirmed the majority of the convictions, but reversed or vacated others and remanded for resentencing. Jefferson, Moore, Smith, and Sutton now appeal from their new sentences.
 
 
 2
 The district court had jurisdiction under 18 U.S.C. Sec. 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 Jefferson and Smith raised arguments about their accountability for drug distributions by co-conspirators at sentencing in their first appeals. We held, "The district court did not err in sentencing Jefferson, Smith, Sutton, and Valentine for amounts of cocaine and weapons involved in substantive offenses for which they were not convicted.... [I]t was reasonably foreseeable that their co-conspirators would have engaged in such conduct." We apply the law of the case doctrine to foreclose further review. Cavanaugh v. Kincheloe, 877 F.2d 1443, 1446 (9th Cir.1989) (Cavanaugh ); United States v. Schaff, 948 F.2d 501, 506 (9th Cir.1991).
 
 
 4
 Even if we exercised our discretion to review this issue, the result would be the same. Both entered the conspiracy in Los Angeles where it was hatched. As to Jefferson, the district court's foreseeability finding is sufficient. As to Smith, the district court adopted the presentence report which found that Smith had a long history of gang affiliation and contained evidence that gang members came to Tacoma for the sole purpose of selling drugs.
 
 
 5
 Jefferson, Smith, and Sutton argue that they are entitled to two point reductions, pursuant to U.S.S.G. Sec. 3B1.2, for being minor participants. Whether a defendant is entitled to a section 3B1.2 reduction is a finding of fact reviewed for clear error. United States v. Torres-Rodriguez, 930 F.2d 1375, 1389 (9th Cir.1991). The burden of proof is on the defendant to show that he is a minor participant. Id. Minor participant reductions are to be given infrequently, United States v. Gillock, 886 F.2d 220, 222 (9th Cir.1989), and only to those who are substantially less culpable than the average member of the conspiracy. U.S.S.G. Sec. 3B1.2, comment. (nn. 1-2).
 
 
 6
 Smith and Sutton each sold drugs to an undercover agent. Jefferson was in Tacoma during the entire course of the conspiracy and a witness testified that he sold crack on a nightly basis. None of these defendants have argued persuasively that they lacked "knowledge or understanding of the scope and structure of the enterprise." U.S.S.G. Sec. 3B1.2. comment. (n. 1).
 
 
 7
 Smith contends that he was entitled to a two point reduction, pursuant to U.S.S.G. Sec. 3E1.1, for acceptance of responsibility. Smith was originally charged on 14 counts. He did not testify at trial. The jury acquitted him of seven counts and we reversed another count. He now argues that he was improperly charged with these counts and that he accepted responsibility for what he actually did at the earliest reasonable opportunity--resentencing. He contends that this entitles him to a section 3E1.1 reduction. Smith is still contesting one weapons count on appeal. The government points out that Smith's acceptance did not come until more than three years after his trial and conviction.
 
 
 8
 The commentary to section 3E1.1 states that even though a defendant who goes to trial is not normally eligible for a reduction, "[i]n rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to trial." U.S.S.G. Sec. 3E1.1, comment. (n. 2). A defendant may still be eligible for a reduction if he goes to trial to challenge the constitutionality or applicability of a statute. Id. However, the acceptance determination must still be based "primarily upon pre-trial statements and conduct." Id. Belated expressions of remorse and acceptance do not count. United States v. Restrepo, 930 F.2d 705, 710 (9th Cir.1991).
 
 
 9
 Smith next contends that our vacation of Johnson's firearm conviction requires the vacation of his conviction on that count as a co-conspirator. Johnson was convicted of two firearm offenses pursuant to 18 U.S.C. Sec. 924(c). Although each count was based on different firearms, they had the same predicate offense. We vacated Johnson's conviction on Count 14 because each section 924(c) offense must be supported by a separate predicate offense. United States v. Smith, 924 F.2d 889, 894 (9th Cir.1991). Like Johnson, Smith was charged with two counts of violating section 924(c). However, he was only convicted on one count--Count 14. He was charged with this count under the conspiracy theory.
 
 
 10
 Smith now argues that the vacation of Johnson's conviction on Count 14 requires that his conviction be vacated as well. However, Johnson's conviction was not reversed because he was not guilty; rather it was vacated only because two section 924(c) convictions cannot be sustained by the same predicate offense. Id. Our decision to vacate the Count 14 conviction, instead of the Count 3 conviction, was purely a matter of chance. See also id. at 895 n. 2. Because Johnson was guilty in fact, the vacation of his conviction does not require the vacation of Smith's conviction as well.
 
 
 11
 Moore argues that there was insufficient evidence to convict him of conspiracy. This issue was resolved against Moore in his previous appeal. Our decision in that case precludes Moore from raising it again. Cavanaugh, 877 F.2d at 1446.
 
 
 12
 Finally, Moore contends that the disparate impact of the crack sentencing scheme justifies a section 5K2.0 downward departure. He argues that 21 U.S.C. Sec. 841(b) has a discriminatory impact on blacks because the higher penalty for crack (as opposed to powder cocaine) affects mostly blacks. We have recently rejected this argument. United States v. Coleman, No. 91-50299, slip op. 4963, 4965-67 (9th Cir. May 13, 1994).
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4