51 F.3d 282
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Parnell COLVIN, Defendant-Appellant.
 No. 94-35572.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 29, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Parnell Colvin, a federal prisoner, appeals the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate, set aside or correct his sentence imposed following his jury conviction of conspiracy to distribute cocaine, in violation of 21 U.S.C. Sec. 846; distribution of cocaine in excess of fifty grams, in violation of 21 U.S.C. Sec. 841(b)(1)(A); distribution of cocaine base in excess of five grams, in violation of 21 U.S.C. Sec. 841(a)(1) and 841(b)(1)(B); and possession in excess of fifty grams of cocaine base with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1). Colvin contends that the district court erred in denying his section 2255 motion under Rule 9(b) of the Rules Governing Sec. 2255 Proceedings on the ground that it was a successive motion which failed to allege new or different grounds for relief. We review for abuse of discretion, see Campbell v. Blodgett, 997 F.2d 512, 516 (9th Cir.1992), and we vacate and remand.
 
 
 3
 The instant section 2255 raised one issue: whether the district court denied Colvin due process by calculating his base offense level based on the total amount of drugs involved in the conspiracy rather than the amount reasonably foreseeable to Colvin, as required by U.S.S.G. 1B1.3, commentary n. 1. Because Colvin's first section 2255 motion did not raise this issue, something the government does not dispute on this appeal, the district court abused its discretion in denying Colvin's second section 2255 motion as successive.
 
 
 4
 The government argues for the first time on this appeal that Colvin's second 2255 motion is precluded as well by this court's decision affirming Colvin's conviction and sentence on direct appeal. This contention lacks merit because the issue raised in Colvin's section 2255 motion is distinct from the issue raised in his direct appeal. In the direct appeal, Colvin argued that he should not have been liable for any of the substantive offenses under Pinkerton v. United States, 328 U.S. 640, 647-48 (1946), because he played a relatively minor role in the conspiracy. In the second section 2255 motion, he argues that he is entitled to be sentenced based only on the quantity of drugs that were reasonably foreseeable to him. In rejecting Colvin's Pinkerton argument on direct appeal, this court simply held that Colvin's acts were "not so attenuated as to implicate due process concerns to suggest the Pinkerton theory was improper in this case." This court did not address the extent to which the amount of drugs involved were reasonably foreseeable to Colvin. Accordingly, the second section 2255 motion is not barred as a result of the issues raised on direct appeal. Compare Cavanaugh v. Kincheloe, 877 F.2d 1443, 1446 (9th Cir.1989) (this court's holding on waiver issue in prior appeal precluded review of identical issue on subsequent appeal).
 
 
 5
 We do not reach whether Colvin's failure to assert the foreseeability issue in his first section 2255 motion constituted an abuse of the Sec. 2255 procedures, a question that may require the district court to make findings as to the existence of cause and prejudice. See McCleskey v. Zant, 499 U.S. 467 (1991). Nor do we reach the motion's merits.
 
 
 6
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3