**Robert C. KIBLER, Petitioner–Appellant,**

v.

**Kay WALTERS, Respondent–Appellee.**

**No. 98–35536.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 14, 1999.

Memorandum filed Oct. 27, 1999.

Order Filed Dec. 2, 1999.

As Amended Jan. 14, 2000.

Peter J. Avenia, Assistant Federal Public Defender, Tacoma, Washington, for the petitioner-appellant.

Daniel J. Judge, Assistant Attorney General, Olympia, Washington, for the respondent-appellee.

Before: GOODWIN and SCHROEDER, Circuit Judges, and SCHWARZER,[1] Senior District Judge.

SCHWARZER, Senior District Judge:

### ORDER

The memorandum disposition filed Oct. 27, 1999, is redesignated as an authored opinion by Senior Judge William W Schwarzer.

### OPINION

Robert Kibler appeals the district court's order denying his petition for a writ of habeas corpus and dismissing the case with prejudice. Kibler raises two issues on appeal.

(1) Whether the ineffective assistance of counsel claims were presented to the Washington Supreme Court through incorporation by reference of his brief in the Court of Appeals?

Following his conviction, Kibler filed a pro se supplemental brief in the Court of Appeals on April 27, 1993, alleging ineffective assistance of counsel. On September 20, 1993, the Commissioner affirmed his conviction. Kibler's motion to modify this ruling was denied. He then filed a motion for discretionary review in the Washington Supreme Court seeking review of the ruling affirming the conviction. This motion raised three claims: (1) A specific ineffective assistance claim directed at counsel's failure to investigate the expert witness' credentials; (2) a claim for an evidentiary hearing with respect to ineffective assistance claims raised in his brief in the Court of Appeals; and (3) a claim that cumulative errors deprived him of a fair trial. The district court found that the first claim had been exhausted and dismissed it on the merits; that issue is not before us. With respect to his other ineffective assistance claims, the motion did not specify the grounds, referring only to his pro se supplemental brief in the Court of Appeals, and simply sought an eviden-

---

**1.** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

tiary hearing. The Supreme Court denied the motion without comment.

Meanwhile, Kibler had filed a personal restraint petition (PRP) in the Court of Appeals. That petition raised no claim of ineffective assistance. After the Court of Appeals dismissed the petition, Kibler filed a motion for discretionary review in the Supreme Court. His motion, which raised no claim of ineffective assistance, was denied. The instant petition in the district court followed.

The question is whether Kibler exhausted his ineffective assistance claims raised in his motion in the Supreme Court only by cross-reference to his brief in the Court of Appeals briefs. The district court found that incorporation by reference of the briefs in the lower court does not constitute adequate briefing of constitutional issues. We agree. Under Washington Rule of Appellate Procedure 13.7(b), the Supreme Court "will review only the questions raised in the motion for discretionary review." The Washington Supreme Court has consistently held that issues not raised in the Supreme Court in either the petition for review or the motion for discretionary review are barred from review. *See Dependency of K.S.C., B.D. v. Washington Dep't of Health Servs.*, 137 Wash.2d 918, 976 P.2d 113, 118 (1999); *Adams v. Department of Labor & Indus.*, 128 Wash.2d 224, 905 P.2d 1220, 1222 (1995); *State v. Collins*, 121 Wash.2d 168, 847 P.2d 919, 924 (1993). In failing to satisfy the procedural requirements for the presentation of his claims to the Washington Supreme Court, Kibler failed to meet the precondition for review under § 2254 that he fairly present his federal claims to the highest state court from which a decision can be had.

Kibler's failure to exhaust his ineffective assistance claims, standing alone, would not bar further review in federal court following exhaustion of state remedies. Here, however, the district court dismissed the petition with prejudice. Thus, the issue we must address is whether Kibler's unexhausted ineffective assistance claims are procedurally barred. "When a state prisoner has defaulted a claim by violating a state procedural rule which would constitute adequate and independent grounds to bar direct review in the U.S. Supreme Court, he may not raise the claim in federal habeas, absent a showing of cause and prejudice or actual innocence." *Wells v. Maass*, 28 F.3d 1005, 1008 (9th Cir.1994), *citing Coleman v. Thompson*, 501 U.S. 722, 729–30, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). In view of Washington's established procedural requirement, noted above, together with its bar against repetitive petitions (see below), we conclude that Kibler's claims are procedurally barred.

(2) Whether Kibler's claim challenging jury instructions, presented in a Supplement and Addendum to an earlier personal restraint petition, was barred under state law as a repetitive petition?

The district court dismissed this claim on the ground that the Washington Supreme Court found it to be procedurally barred. Kibler argues that the state rule barring successive petitions is not a "clear, well established, or consistently applied rule of state procedure" because it permits consideration of successive petitions for good cause. We have made clear, however, "[t]hat the application of a [procedural bar] rule requires the exercise of judicial discretion does not render the rule inadequate to support a state decision." *Morales v. Calderon*, 85 F.3d 1387, 1392 (9th Cir.1996). Here, the Supreme Court specifically relied on its procedural rule barring successive petitions; this rule is well established in case law, *see State v. Dearbone*, 125 Wash.2d 173, 883 P.2d 303, 306 (1994); and no authority has been cited indicating that the rule has been inconsistently applied. Finally, the district court's ruling that Kibler's lack of knowledge regarding the requirements for PRPs and his limited access to materials were insufficient to establish good cause was consis-

tent with Washington law governing good cause under R.C.W. 10.73.140.

AFFIRMED.