**Robert C. KIBLER, Petitioner–Appellant,**

v.

**Kay WALTERS, Respondent–Appellee.**

**No. 98–35536.**

United States Court of Appeals, Ninth Circuit.

July 20, 2000.

Argued and Submitted Sept. 14, 1999.

Memorandum Filed Oct. 27, 1999.

Order Filed Dec. 2, 1999.

Amended Jan. 14, 2000.

Second Amendment July 20, 2000.

Peter J. Avenia, Assistant Federal Public Defender, Tacoma, Washington, for the petitioner-appellant.

Daniel J. Judge, Assistant Attorney General, Olympia, Washington, for the respondent-appellee.

Before: GOODWIN and
SCHROEDER, Circuit Judges, and
SCHWARZER,* Senior District Judge.

## ORDER

SCHWARZER, Senior District Judge:

The opinion filed October 27, 1999, heretofore published at 197 F.3d 1251 (1999) is amended as follows:

After "hearing" at p. 1252, line 1, add the following footnote:

Kibler's remaining purported ineffective assistance claim was captioned in his petition as follows: "Should the petitioner have been granted an in camera evidentiary hearing on those claims of ineffective assistance of counsel raised in his pro se supplemental brief to the Court of Appeals?" His argument in substance was that the court should grant review as he had in his previous brief raised adequate allegations that the trial court should have granted an evidentiary hearing on remand from the court of appeals.

Replace all but the last sentence of the second full paragraph at p. 1252 as follows:

The question is whether Kibler exhausted his ineffective assistance claims by presenting them to the Supreme Court. Rule of Appellate Procedure 13.7(b) limits the issues to be reviewed by the Supreme Court to those "raised in ... the petition for review and the answer." *State v. Collins*, 121 Wash.2d 168, 847 P.2d 919, 924 (1993). A petition for review must contain "[a] concise statement of the issues presented for review." R.A.P. 13.4(c)(5), (7); R.A.P. 10.3(a)(5). The Supreme Court "has required that the petition for review state the issues with specificity." *Collins*, 121 Wash.2d 168, 847 P.2d at 924; *Clam Shacks of Am. Inc. v. Skagit County*, 109 Wash.2d 91, 743 P.2d 265, 269 (1987). *See also In re Dependency of K.S.C., B.D. (Burrell v. State, Dep't of*

*Health Servs.)*, 137 Wash.2d 918, 976 P.2d 113, 118 (1999); *Adams v. Department of Labor & Indus.*, 128 Wash.2d 224, 905 P.2d 1220, 1222 (1995). Kibler's motion for discretionary review failed to state a claim for ineffective assistance.

The petition for rehearing is DENIED and the suggestion for rehearing en banc is rejected.

## OPINION

Robert Kibler appeals the district court's order denying his petition for a writ of habeas corpus and dismissing the case with prejudice. Kibler raises two issues on appeal.

(1) Whether the ineffective assistance of counsel claims were presented to the Washington Supreme Court through incorporation by reference of his brief in the Court of Appeals?

Following his conviction, Kibler filed a pro se supplemental brief in the Court of Appeals on April 27, 1993, alleging ineffective assistance of counsel. On September 20, 1993, the Commissioner affirmed his conviction. Kibler's motion to modify this ruling was denied. He then filed a motion for discretionary review in the Washington Supreme Court seeking review of the ruling affirming the conviction. This motion raised three claims: (1) A specific ineffective assistance claim directed at counsel's failure to investigate the expert witness' credentials; (2) a claim for an evidentiary hearing with respect to ineffective assistance claims raised in his brief in the Court of Appeals; and (3) a claim that cumulative errors deprived him of a fair trial. The district court found that the first claim had been exhausted and dismissed it on the merits; that issue is not before us. With respect to his other ineffective assistance claims, the motion did not specify the grounds, referring only to his pro se supplemental brief in the Court of Appeals, and simply sought an evidentiary hearing.[1] The Supreme Court denied the motion without comment.

---

* The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

1. Kibler's remaining purported ineffective assistance claim was captioned in his petition as

follows: "Should the petitioner have been granted an in camera evidentiary hearing on those claims of ineffective assistance of coun-

Meanwhile, Kibler had filed a personal restraint petition (PRP) in the Court of Appeals. That petition raised no claim of ineffective assistance. After the Court of Appeals dismissed the petition, Kibler filed a motion for discretionary review in the Supreme Court. His motion, which raised no claim of ineffective assistance, was denied. The instant petition in the district court followed.

■ The question is whether Kibler exhausted his ineffective assistance claims by presenting them to the Supreme Court. Rule of Appellate Procedure 13.7(b) limits the issues to be reviewed by the Supreme Court to those "raised in ... the petition for review and the answer." *State v. Collins*, 121 Wash.2d 168, 847 P.2d 919, 924 (1993). A petition for review must contain "[a] concise statement of the issues presented for review." R.A.P. 13.4(c)(5), (7); R.A.P. 10.3(a)(5). The Supreme Court "has required that the petition for review state the issues with specificity." *Collins*, 121 Wash.2d 168, 847 P.2d at 924; *Clam Shacks of Am. Inc. v. Skagit County*, 109 Wash.2d 91, 743 P.2d 265, 269 (1987). *See also In re Dependency of K.S.C., B.D. (Burrell v. State, Dep't of Health Servs.)*, 137 Wash.2d 918, 976 P.2d 113, 118 (1999); *Adams v. Department of Labor & Indus.*, 128 Wash.2d 224, 905 P.2d 1220, 1222 (1995). Kibler's motion for discretionary review failed to state a claim for ineffective assistance. In failing to satisfy the procedural requirements for the presentation of his claims to the Washington Supreme Court, Kibler failed to meet the precondition for review under § 2254 that he fairly present his federal claims to the highest state court from which a decision can be had.

■ Kibler's failure to exhaust his ineffective assistance claims, standing alone, would not bar further review in federal court following exhaustion of state remedies. Here, however, the district court dismissed the petition with prejudice. Thus, the issue we must address is whether Kibler's unexhausted ineffective assistance claims are procedurally barred. "When a state prisoner has defaulted a claim by violating a state procedural rule which would constitute adequate and independent grounds to bar direct review in the U.S. Supreme Court, he may not raise the claim in federal habeas, absent a showing of cause and prejudice or actual innocence." *Wells v. Maass*, 28 F.3d 1005, 1008 (9th Cir.1994), *citing Coleman v. Thompson*, 501 U.S. 722, 729–30, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). In view of Washington's established procedural requirement, noted above, together with its bar against repetitive petitions (see below), we conclude that Kibler's claims are procedurally barred.

(2) Whether Kibler's claim challenging jury instructions, presented in a Supplement and Addendum to an earlier personal restraint petition, was barred under state law as a repetitive petition?

■ The district court dismissed this claim on the ground that the Washington Supreme Court found it to be procedurally barred. Kibler argues that the state rule barring successive petitions is not a "clear, well established, or consistently applied rule of state procedure" because it permits consideration of successive petitions for good cause. We have made clear, however, "[t]hat the application of a [procedural bar] rule requires the exercise of judicial discretion does not render the rule inadequate to support a state decision." *Morales v. Calderon*, 85 F.3d 1387, 1392 (9th Cir.1996). Here, the Supreme Court specifically relied on its procedural rule barring successive petitions; this rule is well established in case law, *see State v. Dearbone*, 125 Wash.2d 173, 883 P.2d 303, 306

sel raised in his pro se supplemental brief to the Court of Appeals?" His argument in substance was that the court should grant review as he had in his previous brief raised adequate allegations that the trial court should have granted an evidentiary hearing on remand from the court of appeals.

**1154**

(1994); and no authority has been cited indicating that the rule has been inconsistently applied. Finally, the district court's ruling that Kibler's lack of knowledge regarding the requirements for PRPs and his limited access to materials were insufficient to establish good cause was consistent with Washington law governing good cause under R.C.W. 10.73.140.

AFFIRMED.