**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARK JOHN CROWDER,

                    Petitioner-Appellant,

v.

JAMES KEY,

                    Respondent-Appellee.

No.    21-35192

D.C. No. 4:20-cv-05087-SMJ

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Submitted December 7, 2021[**]
Seattle, Washington

Before:  McKEOWN, CHRISTEN, and BADE, Circuit Judges.

Appellant Mark John Crowder appeals the district court's denial of his

habeas corpus petition based on his claim of prosecutorial misconduct.  He also

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

challenges the district court's denial of an evidentiary hearing. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court's order.

We review de novo a district court's denial of a federal habeas petition, *Kipp v. Davis*, 971 F.3d 939, 948 (9th Cir. 2020), and a district court's conclusion that "the state court's denial of relief was based on [an] adequate and independent state rule of procedure," *Scott v. Schriro*, 567 F.3d 573, 580 (9th Cir. 2009) (per curiam). Where the state court reached a decision on the merits, we may not grant relief unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). We review a district court's denial of an evidentiary hearing for abuse of discretion. *Stewart v. Cate*, 757 F.3d 929, 934 (9th Cir. 2014).

1.     The district court relied on a procedural bar to deny Crowder's petition because the state court concluded that Crowder waived his claim by failing to object at trial. Crowder contends the state court "merely and erroneously" deemed his prosecutorial misconduct claim "waived." Appellee did not assert the procedural bar as a defense, but the district court retained discretion to consider the

issue "sua sponte to further the interests of comity, federalism, and judicial efficiency."[1] *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

"[A] federal court will not review the merits of claims . . . that a state court declined to hear because the prisoner failed to abide by a state procedural rule" unless the petitioner shows cause and prejudice. *Martinez v. Ryan*, 566 U.S. 1, 9–10 (2012). The state procedural rule must be "a nonfederal ground adequate to support the judgment" and "firmly established and consistently followed" by the state courts. *Id.* at 9. Although our court has not yet decided whether Washington state courts' rule regarding waiver for counsel's failure to object to procedural misconduct is an adequate state bar, our precedent supports that it likely is. *See Kibler v. Walters*, 220 F.3d 1151, 1153–54 (9th Cir. 2000) (A state procedural rule is "adequate" and "independent" where the state court "specifically relied on its procedural rule"; the "rule is well established in case law"; "and no authority has

---

[1] We have previously declined to rely on a procedural bar where the defense was raised for the first time on appeal, *see, e.g.*, *Franklin v. Johnson*, 290 F.3d 1223, 1233 (9th Cir. 2002), and the petitioner had no "opportunity to attempt to persuade the district court of the cause for his default and any prejudice," *Windham v. Merkle*, 163 F.3d 1092, 1101 (9th Cir. 1998). But here, the parties were on notice of the relevant procedural bar because the state courts and district court expressly relied on procedural grounds to deny relief to Crowder. Therefore, we too rely on the procedural bar. *Cf. Coleman v. Thompson*, 501 U.S. 722, 732 (1991) ("The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases.").

been cited indicating that the rule has been inconsistently applied."); *cf.*

*Cavanaugh v. Kincheloe*, 877 F.2d 1443, 1447–48 (9th Cir. 1989) (holding

Washington state's rule regarding a failure to object to a lack of proper foundation

to admit prior convictions was procedural bar to review of underlying federal

constitutional claim). The waiver rule invoked by the state court here appears to be

well-established in Washington case law. *See, e.g.*, *State v. Loughbom*, 470 P.3d

499, 505 (Wash. 2020). It is also independent because it does not require that state

courts rely on or inquire into federal law. *See Coleman*, 501 U.S. at 734–35.

Crowder does not demonstrate, or cite any authority to suggest, that the rule is

inconsistently applied. Accordingly, we may affirm the district court's judgment

pursuant to the procedural bar doctrine alone.

2. We consider the merits of Crowder's petition because both parties

fully briefed the issues. A prosecutor's comments violate a defendant's

constitutional rights only if the "comments so infected the trial with unfairness as

to make the resulting conviction a denial of due process." *Darden v. Wainwright*,

477 U.S. 168, 181 (1986) (internal quotation marks omitted). "But such

misconduct 'rises to the level of *Darden* error only if there is a reasonable

probability that it rendered the trial fundamentally unfair.'" *Ford v. Peery*, 999

4

F.3d 1214, 1224 (9th Cir. 2021) (quoting *Deck v. Jenkins*, 814 F.3d 954, 985 (9th Cir. 2016)).

In its alternative ruling, the state appellate court assessed the prosecutor's alleged misconduct "in the context of the total argument, the issues in the case, the evidence, and the instructions given to the jury" to decide whether the conduct "resulted in prejudice that had a substantial likelihood of affecting the verdict." Crowder only argues that state court's decision was an unreasonable application of Supreme Court precedent because, in his view, the alleged misconduct satisfies the "plain error" standard. The state court's decision was consistent with *Darden* because it considered whether Crowder demonstrated a likelihood that the alleged misconduct substantially influenced the jury. Thus, it was not an unreasonable application of clearly established federal law. *See* § 2254(d)(1). The state court determinations were also objectively reasonable in light of the evidence Crowder presented. *See Lambert v. Blodgett*, 393 F.3d 943, 972 (9th Cir. 2004) (citing § 2254(d)(2) and explaining "a decision adjudicated on the merits in a state court . . . will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding" (internal quotation marks omitted)).

Last, Crowder contends he should have been afforded an evidentiary hearing.  Crowder was entitled to a hearing if it would enable him to prove "factual allegations, which, if true, would entitle [him] to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).  The state court accepted Crowder's factual allegations as true and concluded the alleged conduct fell short of conduct giving rise to a meritorious prosecutorial misconduct claim.  Crowder fails to demonstrate how a hearing would result in factual allegations entitling him to relief.  Accordingly, we affirm the district court's denial of Crowder's request for an evidentiary hearing.

**AFFIRMED.**