[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 21, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-10702

_____

D.C. Docket No. 07-00448-CR-2-LSC-HGD

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

GARY L. WHITE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(December 21, 2009)

Before DUBINA, Chief Judge, BIRCH and SILER,* Circuit Judges.

SILER, Circuit Judge:

_____

    * Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting
by designation.

**INTRODUCTION**

In 2008, Gary L. White was convicted in the Middle District of Alabama for accepting bribes while he was County Commissioner of Jefferson County, in violation of 18 U.S.C. § 666(a) and (b). Five days later, he moved to vacate the judgment on the ground that venue was improper. The district court vacated his judgment and ordered a new trial. On appeal, the government raises one issue: whether the district court erred in its order. We agree with the government and reverse and remand with instructions for the district court to reinstate the conviction and proceed to sentencing.

**I.**

White was indicted for accepting bribes from sewer companies that had ongoing and prospective contracts with Jefferson County. Before trial, the district court held a hearing regarding, inter alia, White's conditions of bond. At the hearing, White objected to a press release issued by the government, which he challenged as being both highly prejudicial and factually incorrect. White's counsel and the court discussed the adverse newspaper publicity stemming from the indictment, and the effect it would have on the venire. White's counsel suggested possible remedies, including "a sequestered trial" or "a change of venue." He stated that, "[w]hat I'm asking is—we're not asking for that yet—but

2

I'm asking the Court to keep an open mind about the possibility of either a change of venue or some change in how we select the jury." The court responded, "Put that in a formal motion."

White filed a motion for a change of division on November 20, 2007. He asked the court to move the trial from the Southern Division of the Northern District of Alabama to the Western Division of the same district. He argued that potential jurors in the Southern Division had an actual or perceived financial interest in the case,[1] and that pervasive pre-trial publicity would prevent a fair trial in that division. White cited to one editorial's discussion of moving the trial in his conclusion: "The News notes that an appropriate remedy for such publicity is a change of venue. The defendant herein seeks less than that. He seeks a change in division." In an accompanying footnote, he elaborated: "A change of venue from one district to another, which is more than the defendant seeks, is left to the sound discretion of the trial court."

During a teleconference regarding the motion, neither party presented additional evidence. Instead of transferring the case to the Western Division, the court, sua sponte, moved the case to the Middle District of Alabama in

---

[1] White argued that an unbiased jury could not be seated in the Southern Division, because the venire consisted mainly of Jefferson County residents, who would likely blame their increased sewer rate on him.

3

Montgomery.  The court supported its decision by stating that moving the trial to Tuscaloosa, in the Western Division (as requested by White), would be inadequate, due to its close proximity to Jefferson County, the source of the adverse pre-trial publicity.  Neither party objected, and the court entered an order to that effect.

Consequently, White was tried and convicted in the Middle District of Alabama.[2]  He did not raise the venue issue until after his conviction, in his motion to vacate the judgment, in which he referenced his right to be tried within the district where the crime was alleged to have been committed.  Despite White's failure to object, the court granted his motion but noted that "[White] waived his right to object to the change of district by having failed to timely assert it.  If this Court has erred, [he] invited it by affirmatively representing that the court had the discretion to transfer venue to another district."  Despite finding a waiver, the court concluded that "the ends of justice would best be served by granting the motion to vacate," which it did "[w]ith considerable reluctance."  It then ordered the case to be re-tried in the Western Division of the Northern District of Alabama

---

[2] After transferring venue, the same judge presided over White's trial in the Middle District of Alabama.  White was adjudged guilty of counts one through nine of the twelve-count indictment.  The district court granted his motion for judgment of acquittal as to counts ten and eleven.

4

and re-assigned to another district judge.  The government then filed this interlocutory appeal.

## II.

We review the district court's grant of a new trial in a criminal case for abuse of discretion.  United States v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985).

## III.

White sought vacation of the verdict solely on the grounds that his venue right had been violated, a right the district court explicitly found that he had impliedly waived.  Nevertheless, it vacated his conviction in the interests of justice based on its belief that venue was jurisdictional.

The Sixth Amendment guarantees the right to be tried in the district in which the offense was committed.  U.S. Const. amend VI (expanding on the guarantee in U.S. Const. art. II, § 2, cl. 3, which provides that criminal trials be held in the state where the alleged crime took place).  The Federal Rules of Criminal Procedure preserve this substantial constitutional right, by providing that "(e)xcept as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed."  Fed. R. Crim. P. 18. "[Rule] 21(a) conditions a change of venue upon the defendant's request therefor.

5

Absent the request, a change of venue may not be ordered." United States v. DiJames, 731 F.2d 758, 761 (11th Cir. 1984) (internal quotation and citation omitted). "A defendant therefore cannot be forced to accept a change of venue against his will." Id. (internal quotation and citation omitted). The district court may not, sua sponte, change venue, "even if it sincerely believes that such action would be for the defendant's own good." United States v. Stratton, 649 F.2d 1066, 1077 (5th Cir. 1981).[3] "[I]nterests of judicial convenience and economy" also do not outweigh this right, for there is "no judicial economy exception between the lines of the Sixth Amendment." Id.

Like most rights, a defendant's venue right is not absolute, and it will be deemed waived unless asserted prior to trial. United States v. Dabbs, 134 F.2d 1071, 1078 (11th Cir. 1998). See also DiJames, 731 F.2d at 760-763 ("[T]he right to be tried in the state and district where the crime was alleged to have been committed may be waived voluntarily by the defendant."). "The essential factors in determining whether a defendant has waived his constitutional venue right are knowledge of the right, the free exercise of an uncoerced will, and conduct or action known to the accused which evidences an intent to waive." Stratton, 649

---

[3] "Decisions of the former Fifth Circuit rendered prior to Oct. 1, 1981, are binding upon this court unless and until they are overruled by the Eleventh Circuit sitting en banc." DiJames, 731 F.2d at 762 (citation omitted).

F.2d at 1077 (internal quotations and citation omitted). "[I]n many (and perhaps most) cases in which the defendant fails to object to a defect in venue, the defendant's silence may be taken to imply a waiver of the venue right." Id. at 1078. However, "in cases . . . in which there is evidence which suggests that the defendant has not waived his venue right, the failure to raise an explicit venue objection cannot imply a waiver." Id. at 1078 n.17.

This case falls among the majority of cases in which a defendant's silence implies a waiver of the venue right. White argues that his counsel was "oblivious" to the existence of Rule 21 and maintains that neither he nor his counsel had "awareness of the venue rules" as evidence that he did not waive his venue right. These assertions mistake the issue. This issue is not whether White was aware of Rule 21, but whether he knowingly and voluntary waived his constitutional right to be tried in the district in which his offense occurred. There is simply no evidence White or his lawyer was unaware of his constitutional right. Not only did he acknowledge his right to be tried in the district in which the offense was committed in his motion for a change of division by citing directly to Rule 18, but he also failed to object when the court transferred the case to another district. He also did not object before or during the trial. Instead, he waited until after he was convicted to complain that the district court had transferred the case, sua sponte.

7

Because there is no evidence he was unaware of his right, we construe his silence as an implied waiver.

White's case, then, is distinguishable from Stratton, 649 F.2d at 1076-1079. In Stratton, multiple state officials were convicted under the Racketeer Influenced and Corrupt Organizations Act. Before trial, the district court granted the motions of several defendants to transfer venue to another district due to pre-trial publicity. Two other defendants, Harrell and Stratton, contested this decision on appeal. The former Fifth Circuit held that neither defendant had knowingly and voluntarily waived his right. The court easily found that Harrell had not waived his right, because he had expressly refused to adopt his co-defendant's motions to transfer and had "made his position even clearer by [later] moving for a severance." Id. at 1077. Stratton's purported waiver presented a closer question, because his counsel had told the district court "he stood 'neutral [on the motions],' since he knew 'of no grounds to object to [them].'" Id. In other words, Stratton's attorney appeared unaware that his client had a constitutional right to venue at all. The court concluded that "[t]he neutral stance taken by Stratton's attorney at the venue hearing . . . . [c]oupled with the comments evidencing [his] ignorance of the venue right" did not constitute a waiver. Id. at 1078. In the instant case, White did not object until after his conviction, in contrast to Harrell, and there is no evidence

8

that White's counsel was ignorant of the venue right, in contrast to Stratton's attorney. In fact, the record demonstrates that White specifically referenced his right to be tried in the district in which the offense was committed by citing directly to Rule 18.

Since we agree with the district court that White waived his venue right, we must next determine whether the district court abused its discretion by vacating his conviction and ordering a new trial. "[W]e may reverse only if we find that the district court has made a clear error of judgment, or has applied the wrong legal standard." Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc) (citation omitted) (reviewing the district court's admission of expert testimony). "Although we actually review a court's denial of a motion for a new trial for abuse of discretion, we more closely scrutinize a court's grant of a new trial." United States v. Cox, 995 F.2d 1041, 1044 (11th Cir. 1993). In Martinez, for example, we held that the district court abused its discretion in ordering a new trial based on its erroneous conclusion that the verdict was contrary to the weight of the evidence. Id. at 1313. Thus, "[w]hile the district court's discretion is quite broad, there are limits to it." Id.

Here, the district court held that the interests of justice required vacation, basing its decision on the erroneous legal conclusion that venue cannot be waived.

Due to this error, we must reverse.[4]  See, e.g., Mitchell v. Maurer, 293 U.S. 237, 244, 55 S. Ct. 162, 165, 79 L. Ed. 338 (2004) ("Unlike an objection to venue, lack of federal jurisdiction cannot be waived or be overcome by an agreement of the parties." (emphasis added)); DiJames, 731 F.2d at 760-763 ("[T]he right to be tried in the state and district where the crime was alleged to have been committed may be waived voluntarily by the defendant . . . .").

REVERSED and REMANDED for sentencing.

---

[4] Because White voluntarily waived his venue right, we need not reach the merits of the government's alternative invited-error argument.